TRINITY & B. V. RY. CO. v. McDONALD.

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1913. Rehearing Denied Nov. 29, 1913.)

1. CARRIERS (§ 320*)—INJURY TO PASSENGER—NEGLIGENCE—QUESTION FOR JURY.

Where, in a passenger's action for the loss of an eye due to a small piece of metal being blown through the opening of a toilet and becoming embedded in the ball of his eye, there was evidence that while open toilets are still in use, the majority of railroads used cars with closed toilets and an experienced car builder testified that cars with open toilets were built in a different way from the one in question, with steps so built as to protect passengers from particles of steel, the question whether the accident was one which defendant should have anticipated was for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. § 320.*]

2. CARRIERS (§ 318*)—INJURY TO PASSENGERS—NEGATIVE EVIDENCE—PROBATIVE EFFECT.

In a passenger's action for the loss of an eye, due to a small particle of metal, coming through the opening of an open toilet, embedding itself in the eyeball, the testimony of railroad workmen that they had never heard of such an accident before did not show that the accident did not happen, or that it should not have been anticipated by defendant.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by John McDonald against the Trinity & Brazos Valley Railway Company.

From judgment for plaintiff, defendant appeals. Affirmed.

N. H. Lassiter, and Robt. Harrison, both of Ft. Worth, and Morrow & Morrow, of Hillsboro, for appellant. Walter Collins and Shurtleff & Cummings, all of Hillsboro, for appellee.

RAINEY, C. J. Appellee sued the railway company to recover damages for personal injuries received by him while a passenger on appellant's train. Plaintiff, in substance, alleged that while traveling as a passenger on appellant's train operated between Hillsboro and Osceola, Tex., he had occasion to go into one of the toilet rooms situated in said coach and maintained by appellant; when he raised up the top of said toilet the wind rushed up through the opening of said toilet with great force and a piece of steel, or particle of character of metal, struck him in the eye and imbedded itself in the ball of the eye, which caused the loss of said eye. Negligence was alleged in having a toilet with an opening through it instead of one with the opening closed in such manner as to prevent such substances being blown through, and in failing to equip said toilet room with modern and approved appliances for closing, said opening, etc. Appellant answered by general denial. A trial resulted in a verdict and judgment for $2,000 from which this appeal is prosecuted.

[1] The evidence shows that appellee was a passenger on one of appellant's trains, and while such passenger he entered a toilet room in the coach in which he was riding, and when he raised the lid to the toilet the wind blew up through the opening of the toilet a piece of steel, or some character of metal, which struck and imbedded itself in the ball of one of his eyes, which resulted in the loss thereof. There was an opening clear through the toilet, and was not one with the opening so fixed as to prevent substances of this character coming through from the bottom. It was shown that a majority of the railroads use cars with closed toilets, which are the safer, while some of the open toilets are still in use. The evidence shows that the closed toilets are a better protection from particles of steel, ground from the rails by the friction of the wheels while running, and that the railroad could have reasonably anticipated such an accident, though employés of the railway company said they never heard of such an accident before.

Appellant's first assignment of error is: "The court erred in failing and refusing to read to the jury the first special charge requested by the defendant, asking that the jury find a verdict for the defendant. Said charge should have been given because the evidence wholly failed to show negligence. It is incumbent on a plaintiff to prove injury occasioned from a negligent act of the de-

fendant, which is the proximate cause of the injury." The contention is that "under the facts, neither the presence of the object which injured the appellee's eye, nor the injury therefrom to his eye, could have been foreseen or anticipated by the very highest degree of care on the part of the appellant, and, it not being an insurer of the appellee, its liability was not established by the evidence, and the court should have so instructed the jury." Whether or not the accident was one that ought to have been anticipated by the appellant was a question for the jury. The court submitted to the jury said issue by appropriate instruction, and, the jury having determined it in favor of appellee, we are not prepared to say their conclusion was wrong. We think the evidence justified the jury in determining that the appellant might have reasonably anticipated small particles of steel would fly up through an open toilet. E. H. Haver, witness for appellant, and an experienced car builder, testified in reference to the building of cars with a view of protection to passengers against particles of steel entering an open toilet, as follows: "That step, I think, would be the protection that would keep the small particles of steel thrown back here from going up that hole, and it helps a great deal. In the cars that I have helped to build the steps were built that way to protect the passengers from steel that might go up there, and I think it enters into it. I think that is one part of it." Again, he said: "It was not then my opinion that the main reason that these steps were built in this manner was to protect this opening from those steel particles, only partly." If the object in building the steps in the manner it was done was "only partly" for the purpose of preventing particles of steel from blowing through the opening, it shows that they knew of the liability of such particles of steel passing through the opening of the toilet, and surely anticipated some such result as happened in this case. That many other roads were equipped with closed toilets should have been a warning against the use of open toilets.

[2] The second assignment complains of the court's overruling its motion for new trial, and submits the following proposition: "It appearing from the evidence that the appellee went into the closet in appellant's passenger train, and when he raised the lid something got in his eye, and that he afterwards had his eye removed, and there was found in it a particle of metal no larger than a pinhead, it not being shown that the metal came from the car, or the wheels or the rails, or was the same character of metal of any of them, and it appearing that no such accident had ever happened before in the experience of railroad men, and that it was practically impossible that any metal from the car wheels or rails could have been thrown up through the closet opening, it not being shown that said metal was of sufficient size to have been discovered by the appellant or its servants, nor that it remained at the place where the injury occurred for any length of time, or how it reached that point, and it appearing that the closet was used by passengers, and the object being so small that it might have been carried in the clothes of some passenger who used the closet, no negligence was shown and none could have been inferred from the accident, and the court erred in failing to sustain the appellant's motion for a new trial." We have just shown that the evidence warranted the jury in finding that the accident was one that appellant should have reasonably anticipated, and we think the jury had a right to reasonably conclude from the evidence that when the lid of the toilet was raised by appellee the fine particle of steel was projected through the opening by the wind rushing through. The testimony of railroad workmen that they never heard of such an accident before does not show that such an accident has never happened, or that it should not have been anticipated.

The court did not err in failing to give the requested charge of appellant to find for defendant, nor in failing to grant the motion for a new trial.

The judgment is affirmed.